Filed 6/16/14  In re J.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | B251853 |
| | (Los Angeles County Super. Ct. No. VJ43091) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.M.,<br><br>        Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin Brown, Judge.  Affirmed.

        Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

* * * * * * * * * *

J.M., now 18, appeals from an order declaring him a ward of the juvenile court pursuant to Welfare and Institutions Code section 602, following a finding J.M. committed misdemeanor vandalism (Pen. Code, § 594, subd. (a)).  We appointed appellate counsel to represent him.  Appointed counsel filed a brief in which no issues were raised.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The brief included a declaration from counsel that he reviewed the record and advised J.M. of his right, under *Wende*, to submit a supplemental brief.  On February 19, 2014, this court sent J.M. notice advising him that he had 30 days to personally submit any contentions or issues that he wished to raise on appeal.  No supplemental brief was filed.

The facts are these:  On October 8, 2012, Viviano Favela noticed a large gathering of teenage boys at the Dills Park in the City of Paramount.  It looked like they were up to no good.  The boys were gathered around one of the park's benches.  He noticed some of them moving their arms as if they were writing.  Favela concluded they were tagging on the tables.  It looked as if the boys were taking turns writing on the table.  After 20 minutes, the boys got up to leave.  Favela walked to the bench where the boys had been gathered and noticed that it was covered in black writing.  Favela, and other neighbors, often called for graffiti removal in the park.  Earlier that day, Favela had glanced at the park's benches, and had not seen any graffiti.

Favela got in his car and followed the boys, who split into two groups.  He followed one of the groups and took pictures of them with his phone.  All of the boys in the group Favela followed had participated in the tagging.  Favela thought J.M. was familiar, and looked like one of the individuals he saw that day, who was depicted in his photographs.  At 3:30 p.m., Favela called 911 to report the incident.  Favela pointed the boys out to the responding deputies, and they were detained.

Los Angeles County Sheriff's Deputy Michael Abbot responded to the park, and saw graffiti on the park's benches.  He detained five minors.  These minors were depicted in the photograph taken by Favela.  J.M. was in the photograph.

2

Favela's photograph of the minors, as well as photographs of the bench, and J.M.'s booking photograph, were admitted into evidence.

The court denied J.M.'s motion to dismiss the charge. (Welf. & Inst. Code, § 701.1.)

J.M. testified that he went to a donut shop after school, and then went with friends to another store. A car drove by and took pictures of his group. He was later detained by sheriff's deputies. He did not go to the park that day, and did not write on the park benches.

The juvenile court, finding the allegations to be true, sustained the petition and declared the offense a misdemeanor. The court declared J.M. a ward of the court and placed him home on probation for one year. In addition to the standard terms of probation, the court ordered J.M. to have no contact with any victims or witnesses of the offense, or with the other minors who committed the offense, to make restitution of $50, to not possess any markers or spray cans, and to stay away from Dills Park.

We have examined the entire record, consisting of one volume of clerk's transcript and one volume of reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.) We therefore affirm the order of wardship below.

## DISPOSITION

The order of wardship is affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.

3